# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * |
| v. | CASE NO.: 5:17-cr-5 |
| | * |
| SHAMPOIRE ORANGE, | * |
| | * |
| Defendant. | * |

## ORDER

The Court has conducted an independent and *de novo* review of the entire record and concurs with the Magistrate Judge's Report and Recommendation, dkt. no. 574. The Court has additionally considered Plaintiff's Objections to the Report and Recommendation, dkt. no. 590. For the reasons set forth below, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court.

In his Objections, Defendant asserts he was seized within the meaning of the Fourth Amendment when Ware County Sheriff's Department Sergeant Robert Weiss "intentionally rammed and knocked" Defendant's vehicle "off the road." Id. at p. 1. Defendant also asserts officers lacked articulable suspicion of

wrongdoing on his part prior to this seizure, his abandonment of methamphetamine was not voluntary, and there was no probable cause to conduct a warrantless search of his vehicle. Id. at p. 2. Further, Defendant maintains that, because he did not abandon the methamphetamine voluntarily, the Court should suppress any evidence relating to these drugs. Id. In support of his Objections, Defendant relies on his previously-asserted arguments and legal authority. Id. at p. 1.

The Magistrate Judge thoroughly and accurately set forth the facts relating to Defendant's Motion to Suppress and applied the case law relevant to these facts. Consequently, the Court need not recount the same herein. However, the Court does note Defendant was not seized within the meaning of the Fourth Amendment until after officers effectuated the traffic stop in the rock yard to which Defendant led the officers. As the Magistrate Judge observed, Defendant was not seized at the time Sergeant Weiss rammed the Volvo Defendant was driving because that action was an attempted, yet unsuccessful, restraint or termination of Defendant's movement—the very requirement for a seizure under the Fourth Amendment. Dkt. No. 574, pp. 5-7. In addition, because Defendant was not seized during the chase he led officers on, he cannot challenge the admissibility of the methamphetamine he abandoned during this chase. Id. at p. 7 & n.6.

AO 72A
(Rev. 8/82)

As to Defendant's second Objection, Defendant conceded to violating several traffic laws and that officers were justified in arresting him for these violations. Id. at p. 8 (quoting Dkt. No. 549, p. 6). Even if Defendant had not conceded these points, video footage of the events in question confirms that Defendant committed several traffic offenses in officers' presence, rendering Defendant's arrest lawful. The officers, therefore, had probable cause to arrest Defendant and search Defendant's vehicle. Id. at p. 9.

The Court **OVERRULES** Defendant's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court. The Court **DENIES** Defendant's Motion to Suppress, dkt. no. 298. The Government is permitted to use any evidence obtained as a result of the May 25, 2017, traffic stop during its prosecution of this case.

**SO ORDERED**, this 28 day of September, 2018.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)